FILED ORIGINAL
07 OCT 18 PM 12: 03
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Matthew Franklin Jaksa (CA State Bar No. 248072)
2  HOLME ROBERTS & OWEN LLP
   560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:  (415) 268-1999
   Email:      matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   VIRGIN RECORDS AMERICA, INC.; WARNER
7  BROS. RECORDS INC.; SONY BMG MUSIC
   ENTERTAINMENT; ELEKTRA
8  ENTERTAINMENT GROUP INC.; CAPITOL
   RECORDS, INC.; ARISTA RECORDS LLC; and
9  MOTOWN RECORD COMPANY, L.P.
10

11              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
12

13                                                C 07 5319 HRL

14  VIRGIN RECORDS AMERICA, INC., a          CASE NO.
15  California corporation; WARNER BROS.
    RECORDS INC., a Delaware corporation;
16  SONY BMG MUSIC ENTERTAINMENT, a         ***EX PARTE* APPLICATION FOR LEAVE**
    Delaware general partnership; ELEKTRA    **TO TAKE IMMEDIATE DISCOVERY**
17  ENTERTAINMENT GROUP INC., a Delaware
    corporation; CAPITOL RECORDS, INC., a
18  Delaware corporation; ARISTA RECORDS
    LLC, a Delaware limited liability company; and
19  MOTOWN RECORD COMPANY, L.P., a
20  California limited partnership,
                      Plaintiffs,
21
22      v.

23  JOHN DOE,
                      Defendant.
24
25
26
27
28

                                    1
Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#33305 v1

1       Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

      In support thereof, Plaintiffs represent as follows:

      1.    Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identity of Defendant John Doe ("Defendant"), who is being sued for direct copyright infringement.

      2.    As alleged in the complaint, Defendant, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true name of Defendant, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

      3.    Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify Defendant or pursue their lawsuit to protect their copyrighted works from repeated infringement.

      4.    Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

      WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the foregoing requested discovery immediately.

Dated: October 18, 2007                 HOLME ROBERTS & OWEN LLP

                                          By:   */s/Matthew Franklin Jaksa*
                                                 MATTHEW FRANKLIN JAKSA
                                                 Attorney for Plaintiffs