JEFFREY G. KNOWLES (State Bar # 129754)
JULIA D. GREER (State Bar # 200479)
ZUZANA J. SVIHRA (State Bar # 208671)
COBLENTZ, PATCH, DUFFY & BASS, LLP
One Ferry Building, Suite 200
San Francisco, California 94111
Telephone: (415) 391-4800
Facsimile: (415) 989-1663

Attorneys for Plaintiffs
MAVERICK RECORDING CO.; WARNER BROS. RECORDS INC.; ARISTA RECORDS, INC.; VIRGIN RECORDS AMERICA, INC.; UMG RECORDINGS, INC.; INTERSCOPE RECORDS; BMG MUSIC; SONY MUSIC ENTERTAINMENT INC.; ATLANTIC RECORDING CORP.; MOTOWN RECORD COMPANY, L.P.; and CAPITOL RECORDS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAVERICK RECORDING COMPANY, a California joint venture; WARNER BROS. RECORDS INC., a Delaware corporation; ARISTA RECORDS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; UMG RECORDINGS, INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; BMG MUSIC, a New York general partnership; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; and CAPITOL RECORDS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>DOES 1 - 4,<br><br>Defendants. | CASE NO. C-04-1135 MMC<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MISCELLANEOUS ADMINISTRATIVE REQUEST FOR LEAVE TO TAKE IMMEDIATE DISCOVERY |

[PROPOSED] ORDER

Upon the Miscellaneous Administrative Request of Plaintiffs For Leave To Take Immediate Discovery, the Declaration of Jonathan Whitehead and the exhibit thereto, Plaintiffs' Request for Judicial Notice, and the Declaration of Zuzana J. Svihra, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on the University of California, Berkeley to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Without such discovery, Plaintiffs cannot identify the Doe Defendants, and thus cannot pursue their lawsuit to protect their copyrighted works from infringement.

Dated: April 28, 2004

James Larson U.S. Magistrate Judge
~~United States District Judge~~

1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA 94105-2994
   Telephone:    (415) 268-2000
4  Facsimile:    (415) 268-1999
   Email:        matt.jaksa@hro.com
5

6  Attorneys for Plaintiffs,
   ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION;
7  BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA
   ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE
8  RECORDS LLC; MAVERICK RECORDING COMPANY; MOTOWN
   RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY BMG
9  MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN
   RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC.
10
                      UNITED STATES DISTRICT COURT
11                    EASTERN DISTRICT OF CALIFORNIA

12 | ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; LAFACE RECORDS LLC, a Delaware limited liability company; MAVERICK RECORDING COMPANY, a California joint venture; MOTOWN RECORD COMPANY, L.P., a California limited partnership; PRIORITY RECORDS LLC, a California limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; and WARNER BROS. RECORDS INC., a Delaware corporation, | CASE NO. 07-1641 LKK EFB

**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**
|---|---|

                            Plaintiffs,

               v.

   DOES 1-16,
                            Defendants.

1  Upon the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery,
2  the Declaration of Carlos Linares, and the accompanying Memorandum of Law, it is hereby
3  ORDERED that Plaintiffs may serve immediate discovery on University of California, Davis to
4  obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks documents that
5  identify each Doe Defendant, including the name, current (and permanent) addresses and telephone
6  numbers, e-mail addresses, and Media Access Control addresses for each Defendant.

7  Although parties must generally meet and confer prior to seeking expedited
8  discovery, that requirement may be dispensed if good cause is shown. *See* Fed. R. Civ. P. 26(d);
9  *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). Here, the
10 plaintiffs have presented evidence that the subpoena is necessary to identify the defendants, serve
11 them with the complaint and summons, and prosecute their claims of copyright infringement. *See*
12 *Gillespie v. Civletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants
13 will not be known prior to the filing of a complaint . . . . the plaintiff should be given an opportunity
14 through discovery to identify the unknown defendants, unless it is clear that discovery would not
15 uncover the identities, or that the complaint would be dismissed on other grounds."). Plaintiffs have
16 further averred that records kept by internet service providers ("ISP") such as the University of
17 California, Davis, are regularly destroyed, sometimes on a daily or weekly basis. *See* Linares
18 Declaration, at ¶ 24. Based on the foregoing, the court finds that plaintiffs have demonstrated good
19 cause for the expedited discovery.

20 The disclosure of this information is ordered pursuant to 20 U.S.C. § 1232g(b)(2)(B).
21 Consistent with that provision, if and when the University of California, Davis is served with a
22 subpoena, it shall, within five business days, give written notice to the subscribers whose identities
23 are to be disclosed in response to the subpoena. Such written notice may be achieved by messages
24 sent via electronic mail. If the University of California, Davis, and/or any defendant wishes to move
25 to quash the subpoena, they shall do so before the return date of the subpoena.

26
27
28

1

[Proposed] Order Granting Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#31640 v1

1  IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in
2  response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting
3  Plaintiffs' rights under the Copyright Act.

4
5  Dated:  August 23, 2007.

6  /s/ Edmund F. Brennan
   EDMUND F. BRENNAN
7  UNITED STATES MAGISTRATE JUDGE

```
                                    FILED
                                2007 APR 23 PM 1:19
                                CLERK US DISTRICT COURT
                                SOUTHERN DISTRICT OF CALIFORNIA

                                BY _____RM_____ DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; CAPITOL RECORDS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; PRIORITY RECORDS LLC, a California limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; FONOVISA, INC., a California corporation; MAVERICK RECORDING COMPANY, a California joint venture; MOTOWN RECORD COMPANY, L.P., a California limited partnership; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; BMG MUSIC, a New York general partnership; VIRGIN RECORDS AMERICA, INC., a California corporation; and LAFACE RECORDS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br>v.<br>DOES 1 - 16,<br><br>Defendants. | C 07CV 0581 BTM    AJB<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY |

Upon the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, the Declaration of Carlos Linares, and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on SBC Internet Services, Inc. to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks documents that identify each Doe Defendant, including the name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control addresses for each Defendant. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

DATED: 4-19-07

By: _____
United States District Judge

04-CV-00960-IFP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

UMG RECORDINGS, INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; BMG MUSIC, a New York general partnership; and VIRGIN RECORDS AMERICA, INC., a California corporation,

    Plaintiffs,

v.

DOES 1 - 2,

    Defendants.

No. C04-0960(C)-L

[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Microsoft Corporation to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY
Page 1

YARMUTH WILSDON CALFO PLLC
THE IDX TOWER
925 FOURTH AVENUE, SUITE 2500
SEATTLE, WA 98104
T 206.516.3800  F 206.516.3888

1   IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in
2   response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of
3   protecting Plaintiffs' rights under the Copyright Act.

5   Dated: May 14, 2004                    /s/ M. S. Lasnik
                                           United States District Judge

```
                                          FILED IN THE
                                       U.S. DISTRICT COURT
                                  EASTERN DISTRICT OF WASHINGTON

                                          MAY 1 0 2004

                                       JAMES R. LARSEN, CLERK
                                                       DEPUTY
                                       SPOKANE, WASHINGTON
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LOUD RECORDS, LLC, a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; PRIORITY RECORDS LLC, a California limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; BMG RECORDINGS, INC, a Delaware corporation; ARISTA RECORDS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; and CAPITOL RECORDS, INC., a Delaware corporation,

    Plaintiffs,

v.

DOES 1-5,

    Defendants.

NO. CV-04-0134-RHW

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

Before the Court is Plaintiffs' Motion for Leave to Take Immediate Discovery (Ct. Rec. 7). The Plaintiffs, members of the Recording Industry Association of America, Inc. ("RIAA"), have filed a complaint alleging that DOES

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY * 1

1 | 1-5 illegally engaged in uploading and downloading copyrighted recordings
2 | through www.KaZaA.com, a peer to peer ("P2P") internet service (Ct. Rec. 1).
3 | While Plaintiffs are unable to identify the Does, they collected records of
4 | Defendants' Internet Protocol ("IP") address, the times the downloads or uploads
5 | took place, and information regarding the specific recordings that were
6 | downloaded or uploaded. The Plaintiffs were able to ascertain from Defendants'
7 | IP addresses that they were utilizing Gonzaga University as their Internet Service
8 | Provider ("ISP"). Plaintiffs seek statutory damages under 17 U.S.C. § 504(c),
9 | attorneys fees and costs pursuant to 17 U.S.C. § 505, and injunctive relief under
10 | 17 U.S.C. §§ 502 and 503.
11 |         In their Motion for Leave to Take Immediate Discovery, the Plaintiffs seek
12 | leave to serve Gonzaga University, the ISP for Does 1-5, with a Rule 45 Subpoena
13 | Duces Tecum, requiring Gonzaga University to reveal the Defendant's names,
14 | addresses, email addresses, telephone number, and Media Access Control
15 | ("MAC") addresses.
16 |         The Ninth Circuit has held that "where the identity of alleged defendants
17 | will not be known prior to the filing of a complaint . . . . the plaintiff should be
18 | given an opportunity through discovery to identify the unknown defendants,
19 | unless it is clear that discovery would not uncover the identities, or that the
20 | complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d
21 | 637, 642 (9th Cir. 1980). Presumably, the discovery device anticipated by this
22 | ruling was Rule 45, under which a party may compel a nonparty to produce
23 | documents or other materials that could reveal the identities. *See Pennwalt Corp.*
24 | *v. Durand-Wayland, Inc.*, 708 F.2d 492 (9th Cir. 1983). The Court finds that this
25 | instance presents the very situation indicated by *Gillespie*. The Plaintiffs' case
26 | relies on the disclosure of the Does' identities, and those identities are likely
27 | discoverable from a third party.
28 |         Under Rule 26(d), Rule 45 subpoenas should not be served prior to a Rule

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY * 2

26(f) conference unless the parties can show good cause. Fed. R. Civ. P. 26(d) ("a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . . [u]nless the court upon motion . . . . orders otherwise"); *see Semitool, Inc. V. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). The Plaintiffs have presented compelling evidence that the records kept by ISP providers of IP addresses are regularly destroyed. Thus, good cause has been shown.

Accordingly, **IT IS ORDERED** that:

1. Plaintiffs' Motion for Leave to Take Immediate Discovery (Ct. Rec. 7) is **GRANTED**.

2. Plaintiffs are **GIVEN LEAVE** to serve immediate discovery on Gonzaga University to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena duces tecum that seeks each Doe Defendants' name, address, telephone number, email address, and Media Access Control address. As agreed by Plaintiffs, this information disclosed will be used solely for the purpose of protecting their rights under the copyright laws.

3. Plaintiffs are **ORDERED** to review Local Rule 7.1(g)(2) regarding the citation of unpublished decisions. All unpublished decisions cited to the Court have been disregarded.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and to furnish copies to counsel of record.

DATED this ___10___ day of May, 2004.

ROBERT H. WHALEY
United States District Judge

Q:\Civil\2004\Loud Records\Loud.immediatediscovery.order.wpd

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY * 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

CIVIL MINUTES - GENERAL

Case No. CV 04-1962 ABC (AJWx)                            Date: April 2, 2004

Title: <u>LONDON-SIRE RECORDS, INC., et. al., v. DOES 1-4</u>
==========================================================================
PRESENT:

HON. <u>ANDREW J. WISTRICH</u>, MAGISTRATE JUDGE

<u>Ysela Benavides</u>                     _____
Deputy Clerk                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:
None Present                            None Present

**ORDER REGARDING PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

Plaintiffs are thirteen record companies who have filed a lawsuit against four unnamed "doe" defendants for alleged copyright infringement. Plaintiffs filed a motion for leave to take immediate discovery on March 23, 2004. [Notice of Ex Parte Application for Leave to Take Immediate Discovery ("Notice") filed March 23, 2004]. Plaintiffs allege that defendants, using an online peer-to-peer ("P2P") media distribution system, made available for distribution, and in fact distributed, copyrighted songs without license or other authority to do so, thereby infringing plaintiffs' copyrights. [See Memorandum of Law in Support of Ex Parte Application For Leave to Take Immediate Discovery ("Memorandum") filed March 23, 2004, at 2]. Plaintiffs have acquired the Internet Protocol ("IP") addresses assigned to each of the four defendants on the dates and times of the infringing activity. [Memorandum 2]. Using a public database, plaintiffs determined that the subject IP addresses belong to the University of Southern California ("USC"). [Memorandum 2-3]. As an Internet Service Provider ("ISP"), USC maintains a subscriber activity log indicating which of its subscribers were assigned the IP addresses in question on the relevant dates and times. [Memorandum 3]. In plaintiffs' experience, most ISPs maintain subscriber activity logs for only a short period of time before destroying the information contained in the logs. [Memorandum 3]. From the subscriber logs, USC can use the IP addresses and temporal information provided by plaintiffs to identify the true names, street addresses, phone numbers, e-mail addresses, and Media Access Control ("MAC") addresses for each defendant. [Memorandum 3]. Plaintiffs ask this Court to allow immediate issuance of a subpoena directing USC to produce defendants' names and the other personal information described above so that plaintiffs may contact defendants in an attempt to negotiate a resolution to plaintiffs' claims, or failing that, to add defendants as named parties to this litigation.

---

CIVIL MINUTES - GENERAL                                              Page 1 of 2

Received 04/02/2004 04:25PM in 01:28 from 213 894 1815 to  on line [7] for FAX3 * Pg 3/3
04/02/04  FRI 17:22 FAX 213 894 1815          U.S DISTRICT COURT                                    ☒003

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Generally, parties must meet and confer prior to seeking expedited discovery. See Fed. R. Civ. P. 26(f). That requirement, however, may be dispensed with if good cause is shown. See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). Plaintiffs have shown good cause. The true identities of defendants are unknown to plaintiffs, and this litigation cannot proceed without discovery of defendants' true identities. [See Memorandum 7-9].

Subject to the following qualifications, plaintiffs' ex parte application for leave to take immediate discovery is **granted**.

If USC wishes to file a motion to quash the subpoena or to serve objections, it must do so before the return date of the subpoena, which shall be no less than twenty-one (21) days from the date of service of the subpoena. Among other things, USC may use this time to notify the subscribers in question.

USC shall preserve any subpoenaed information or materials pending compliance with the subpoena or resolution of any timely objection or motion to quash.

Plaintiffs must serve a copy of this order on USC when they serve the subpoena.

Any information disclosed to plaintiffs in response to the Rule 45 subpoena must be used by plaintiffs solely for the purpose of protecting plaintiffs' rights under the Copyright Act as set forth in the complaint.

**IT IS SO ORDERED.**

cc:   Parties

Received 03/30/2004 09:44AM in 02:06 on line [11] for RHARRIS * Pg 2/3

FILED _____ LODGED
_____ RECEIVED _____ COPY

MAR 3 0 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Interscope Records, et al., | No. CV-04-131 TUC - JM |
| Plaintiffs, | |
| v. | **ORDER** |
| Does 1 - 4, | |
| Defendants. | |

Pending before the Court is the Plaintiffs' *ex parte* Motion for Leave to Take Immediate Discovery [Docket No. 2]. Upon consideration of the Motion and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit attached thereto, it is hereby:

ORDERED that Plaintiffs' Motion for Leave to Take Immediate Discovery [Docket No. 2] is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on the University of Arizona to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant;

IT IS FURTHER ORDERED that any information disclosed to Plaintiffs in response to the Rule 45 subpoena shall be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint;



1     IT IS FURTHER ORDERED that, if and when the University of Arizona is served with a subpoena, within five (5) business days thereof it shall give written notice, which can include use of e-mail, to the subscribers whose identities are to be disclosed in response to the subpoena. If the University of Arizona and/or any Defendant wishes to move to quash the subpoena, they shall do so before the return date of the subpoena, which shall be twenty-five (25) business days form the date of service;

    IT IS FURTHER ORDERED that, if and when the University of Arizona is served with a subpoena, the University of Arizona shall preserve the data and information sought in the subpoena pending resolution of any timely filed motion to quash;

    IT IS FURTHER ORDERED that counsel for Plaintiffs shall provide a copy of this Order to the University of Arizona when the subpoena is served.

    Dated this 25 day of March, 2004.

_____
JACQUELINE MARSHALL
UNITED STATES MAGISTRATE JUDGE

2